E-Filed on    8/28/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INVESTCORP RETIREMENT SPECIALISTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOTOHISA OHNO, et al. <br><br> Defendants. | No. C-07-01304 RMW <br><br> ORDER DENYING MOTION FOR DEFAULT JUDGMENT; SETTING ASIDE DEFAULT <br> **[Re Docket No. 6]** |

Plaintiff Investcorp Retirement Specialists, Inc., filed a complaint against Motohisa Ohno for cybersquatting, trademark infringement, unfair competition and false advertising on March 6, 2007. Default was entered on August 14, 2007 and on August 24, 2007, plaintiff moved for entry of default judgment, setting the hearing on the matter for August 31, 2007. The court finds this matter appropriate for disposition on plaintiff's moving papers and hereby vacates the August 31, 2007 hearing and the case management conference scheduled for the same date. For the reasons set forth below, the court denies plaintiff's motion for default judgment and sets aside the default.

## I. BACKGROUND

Plaintiff's complaint alleges that Ohno is a known cybersquatter who registered a domain name corresponding to plaintiff's then-common law trademark. Compl. ¶¶ 12, 16. Plaintiff asserts

1  that Ohno has used the domain name, investone.com, to link to plaintiff's competitors and has sought
2  to auction the domain name, creating a likelihood of confusion. *Id.* ¶¶ 13, 17-19. According to
3  plaintiff, Ohno has refused its request to transfer the domain name. *Id.* ¶ 19.

4  On April 18, 2007, Ohno, proceeding *pro se*, filed a document titled "Respond to the Case"
5  (hereinafter "Response"). The Response addressed the allegations of plaintiff's complaint, asserting,
6  *inter alia*, that he registered the investone.com domain in August 2003, prior to plaintiff's November
7  2003 federal trademark application for the mark. Response ¶¶ 7-8. He also asserts that he never
8  offered to sell the domain name to plaintiff, rather plaintiff approached him with an offer to buy the
9  domain name but he declined because he had an offer to buy the domain name from another party.
10 *Id.* ¶ 11. Plaintiff filed an administrative proceeding before the WIPO Arbitration and Mediation
11 Center on June 21, 2005, Case No. D2005-0643, asserting that the investone.com domain name is
12 identical to its trademark, that Ohno had no right or legitimate interest in the domain name and that
13 the domain name was registered and used in bad faith. Ohno attached to his Response a WIPO
14 Administrative Panel Decision in that case, which denied plaintiff's complaint.

15 The Response, in the form of an answer, also challenges this court's personal jurisdiction
16 over the plaintiff. *See* Response ¶ 1 ("THIS IS VERY IMPORTANT: Any court in California is
17 NOT appropriate venue to me because I, the defendant, am a Japanese resident and I have no
18 business partner in California. . . . Plaintiff should choose a jurisdiction and venue **in Japan. So, the**
19 **case should be refused RIGHT NOW.**") (emphasis in original). Upon plaintiff's request and
20 because defendant resides in Japan and is unrepresented by counsel, the court treated the defendant's
21 Response as a motion to dismiss for lack of jurisdiction and set a briefing schedule for that motion.
22 Defendant did not file any papers regarding the motion to dismiss, which the court subsequently
23 denied after a hearing on the matter at which defendant did not appear.

24 On August 7, 2007, plaintiff filed a motion for entry of default by the clerk. Based on its
25 representations that Ohno had failed to answer following a motion to dismiss on the matter, the clerk
26 entered default. On August 24, 2007, plaintiff filed a motion for default judgment, set for hearing on
27 August 31, 2007. *See* Fed. R. Civ. P. 55(b) (permitting hearing on default judgment motions on
28 three days' written notice). Plaintiff asks the court to order defendant to transfer the domain name

investone.com and to enter judgment in plaintiff's favor in the sum of $118,889.11, including post-judgment interest.[1]  Mot. Default J. ¶¶ 4-5.

## II.  ANALYSIS

Plaintiff maintains that the court's treatment of defendant's Response as a motion to dismiss results in default because defendant has failed to file an answer since the court denied that motion. Although this is not an unreasonable interpretation, the court has serious concerns about the impact on the defendant, particularly given that he is (1) proceeding *pro se*; (2) is a foreign national and (3) the court has not clearly stated that defendant's Response was not an answer nor ordered him to file an answer.  Accordingly, the court considers whether setting aside default would be appropriate.

### A.  Setting Aside Default

Rule 55(c) states in relevant part, "For good cause shown the court may set aside an entry of default."  The court may set aside entries of default *sua sponte*.  Unlike Rule 60(b) which provides that a court may relieve a party from a final default judgment "on motion," Rule 55(c) requires only "good cause showing."

#### 1.  Defendant's Response

Although defendant has not submitted any papers since he filed his Response on April 18, 2007, the court must consider whether defendant has nonetheless answered in light of the fact that defendant Ohno is a *pro se* litigant responding to this action from Japan.  "The Supreme Court . . . has made it clear that pleadings of *pro se* litigants are to be held to less rigorous standards than those drafted by attorneys."  *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1268 (9th Cir. 1992) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Here, it appears that defendant's Response was intended as an answer.  Because the Response also included a vehement assertion that this court lacks personal jurisdiction over defendant, the court elected to treat the Response as including a motion to dismiss.  The court did not, however, intend to convert the Response from what appears to be an answer to a motion to dismiss.  *See* Order Calendaring Motion to Dismiss, Docket No. 10 at 1 ("the court shall treat defendant's Response as a

---

[1] Plaintiff asserts that defendant is liable for statutory damages up to $100,000 for each domain name at issue (here, one), for attorney's fees in the amount of $18,532.07 and costs in the amount of $357.04.

1 motion to dismiss for lack of jurisdiction at this time").  Thus, the court considers defendant's
2 Response to be an answer or, at minimum, an indication that he wishes this case to be resolved on
3 the merits.

### 2. Good Cause

The court next turns to determining whether there is good cause to set aside default.  The Ninth Circuit sets forth a three-factor test to determine if "good cause" exists: (1) whether defendant's culpable conduct caused the default; (2) whether defendant appears not to have a meritorious defense; and (3) whether plaintiff would be prejudiced by setting the default aside.  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (2001) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) for the three-factor test and holding that "good cause" showing to set aside default and "excusable neglect" standard to set aside a default judgment are the same).  The *Falk* test is disjunctive, thus the court may refuse to set aside default based upon any of the factors.  *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108-09 (9th Cir. 2000).

### 1. Culpable Conduct

A party's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer the complaint.  *Alan Newman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).  If the defendant who has neglectfully failed to answer can offer a "credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," the failure to answer is "not necessarily . . . culpable or inexcusable."  *TCI Group Life*, 244 F.3d at 697-98.  Here, even assuming defendant failed to answer, that failure to answer was not neglectful.  As stated above, defendant submitted a detailed response to plaintiff's complaint, which this court treated as a motion to dismiss.

Further, simply because a failure to answer was intentional does not necessarily make that failure culpable.  To determine whether a party's conduct is culpable, the Ninth Circuit has "typically held that a defendant's conduct was culpable for purposes of the *Falk* factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."  *Id.* at 698.  When assessing whether the failure to respond was deliberate, willful, or in

United States District Court
For the Northern District of California

1  bad faith, courts may take into consideration the defaulting party's familiarity with legal processes.
2  *Id.* at 699 fn.6.  Defendant's attempt to answer negates "any intention to take advantage of the
3  opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process."
4  *Id.* at 697-98.

5        Overall, the defendant's April 18, 2007 Response to the complaint indicates an intention to
6  participate in the process of determining the merits of his case.  He responded to the allegations in
7  plaintiff's complaint and attached documents that are intended to support his position that he
8  rightfully registered and is making appropriate use of the investone.com domain registration.  His
9  unfamiliarity with the United States legal process and attempt to respond in this action demonstrate
10 that his failure to respond following the order denying the motion to dismiss was not deliberate,
11 willful, or in bad faith.

12       **2.**      **Meritorious Defense**

13       "A defendant seeking to vacate a default judgment must present specific facts that would
14 constitute a defense."  *TCI Life Group*, 244 F.2d at 700.  The defendant need not show that it will
15 prevail, only that there is a bona fide chance that such a result will occur if its factual allegations are
16 true.  *Sec. & Exch. Comm'n v. McNulty*, 137 F.3d 732, 740 (2d. Cir. 1998).  In his response,
17 defendant asserts that he correctly registered the investone.com domain name because his
18 registration occurred in August 2003 while plaintiff only began using its mark in November 2003
19 and federal registration of that mark did not occur until May 31, 2005.  Response ¶¶ 7-8; *see also*
20 Compl. ¶¶ 11-12.  Defendant also provided screen shots of other websites using the words "invest"
21 and "one" together in the company name.  He further presents a WIPO decision indicating that
22 plaintiff previously challenged defendant's registration of the disputed domain name at WIPO and
23 that its challenge was denied on August 2, 2005 (a fact that plaintiff failed to mention in any of its
24 papers).  While these facts do not necessarily demonstrate that he will prevail, they are certainly
25 sufficient to demonstrate that there is a bona fide chance that he would be able to successfully
26 defend against plaintiff's allegations should the facts be proven true.

27
28

### 3. Prejudice to Plaintiff

A final factor to consider is whether vacating the clerk's default and permitting the defendants to answer would prejudice plaintiffs. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether [plaintiff's] ability to pursue the claim will be hindered." *TCI Life Group*, 244 F.2d at 701. Setting aside default to permit defendant to defend this suit on the merits only prejudices plaintiff in this matter in that it delays the resolution (and potentially elicits a response from defendant). This is not sufficient prejudice to plaintiff to justify not setting aside the default.

### B. Default Judgment

Entering default judgment against defendant under the circumstances requires ignoring his effort to respond to the complaint and treating this court's procedural determination in such a way as to substantively impact defendant's opportunity to have this case determined on the merits. As stated above, the court has not clearly stated (and it does not appear that it has been otherwise clearly conveyed to defendant) that the denial of motion to dismiss the court calendared pursuant to Docket No. 10 would require defendant to submit an additional answer or other pleading. Thus, any error by defendant may have resulted from a failure to understand the nuances of United States federal civil procedure.

The Ninth Circuit has held that "to enter a judgment of default against a *pro se* litigant such as [plaintiff] for essentially a mistake of form strikes us as an unjust and excessive sanction." *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1268 (9th Cir. 1992). First, it is questionable whether defendant has made a mistake of form – as stated before, he attempted to answer and this court chose to treat a portion of that answer as a motion to dismiss to permit him to raise a jurisdictional challenge. Second, even assuming he made a mistake, entering default judgment is certainly an excessively harsh result.[2]

---

[2] In any event, although the court was sufficiently persuaded that it had jurisdiction over the matter for purposes of a motion to dismiss, it is far from satisfied that plaintiff's requested relief is appropriate or warranted under the circumstances indicated by defendant's Response. As stated above, defendant alleges that plaintiff previously challenged defendant's ownership of the disputed domain name before WIPO and lost, which calls into question whether the injunctive relief sought by plaintiff is warranted. Further, it is not clear in light of defendant's Response that his ownership

1    Accordingly, the court denies plaintiff's motion for default judgment.  In light of the
2  defendant's Response, the court determines that this case should be resolved on the merits rather
3  than by default, assuming defendant participates further in the litigation.  Plaintiff may file a motion
4  for summary judgment with adequate notice to defendant and giving defendant sufficient time, but
5  in no case less than three weeks, to respond if he chooses to oppose plaintiff's motion.

6    The court sets a new case management conference for November 2, 2007 at 10:30 a.m.
7  Defendant may apply to the court for permission to appear at said conference by telephone
8  conference by calling the courtroom deputy, Jackie Garcia, at (408) 535-5375 at least one week
9  before the conference.

### III.  ORDER

11  1.   Plaintiff's motion for default judgment is denied without prejudice.
12  2.   The default entered on August 14, 2007 by the clerk is hereby set aside.
13  3.   Plaintiff shall ensure that defendant receives a copy of this order as soon as possible before
14       September 14, 2007.  Plaintiff shall file confirmation of such receipt.
15  4.   Plaintiff may file and serve a motion for summary judgment no earlier than September 14,
16       2007.  Such motion must make it clear to a reasonable *pro se* defendant that he is expected to
17       oppose the motion and that if he fails to oppose, the result could be the entry of judgment
18       against defendant and his liability for the relief sought in plaintiff's motion for default
19       judgment.  *See Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (setting forth advice
20       that must be given a *pro se* litigant who is a prisoner).
21  5.   The court vacates the case management conference currently set for August 31, 2007 at
22       10:30 a.m. and sets a new case management conference for November 2, 2007 at 10:30 a.m.

DATED:    8/28/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

or use of the domain name subjects him to liability under 15 U.S.C. § 1125(b).

ORDER DENYING MOTION FOR DEFAULT JUDGMENT; SETTING ASIDE DEFAULT—No. C-07-01304 RMW
MAG                                  7

**A copy of this order was mailed on   8/29/07   to:**

**Counsel for Plaintiff:**
Karl Stephen Kronenberger
Henry M. Burgoyne, III
Kronenberger Burgoyne, LLP
150 Post Street
Suite 520
San Francisco, CA 94108-4707

**Defendant (*pro se*):**
Motohisa Ohno
3-23-30 Higashi-Toyoda
Hino Tokyo 191-0052
Japan

Counsel is responsible for distributing copies of this order to co-counsel, as necessary.

**Dated:**   8/28/07                         /s/ MAG
                                    **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER DENYING MOTION FOR DEFAULT JUDGMENT; SETTING ASIDE DEFAULT—No. C-07-01304 RMW
MAG                                                  8